**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTINA LAMB,

        Plaintiff,

vs.                                                    Case No. 3:10-cv-615-J-32JRK

STATE FARM FIRE MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Remand (Doc. 10) and Defendant State Farm's Response. (Doc. 12.) Plaintiff Christina Lamb contends this case should be remanded to state court because State Farm's Notice of Removal (Doc. 1) was untimely.

### I. BACKGROUND

According to the Complaint, Lamb was injured in an automobile collision on September 12, 2008. (Doc. 1 at 2.) At the time of the accident, Lamb carried an automobile insurance policy with State Farm. (Id. at 3.) Lamb submitted a claim with State Farm, contending she was entitled to recover under the uninsured motorist provision of her State Farm policy because Vondalyn Clark, the allegedly negligent driver, did not maintain sufficient bodily injury coverage to compensate her for her injuries.

On November 24, 2009, Lamb sent State Farm a demand letter requesting payment of $100,000, the limit of Lamb's policy, to settle the claim. (Doc. 10-1.) The letter included

documentation of Lamb's injuries and expenses, including several medical reports. Although these reports state that Lamb suffered various injuries, they do not indicate the exact nature of her required medical treatment or detail any substantial medical expenses. (Docs. 12-1, 12-2, 12-3.)

On March 8, 2010, Lamb filed suit in state court against State Farm and Clark, alleging damages in excess of $15,000. (Doc. 2 at 1.) Lamb filed a dismissal as to Clark on May 4, 2010, creating complete diversity of citizenship between the parties. (Doc. 10 at 2.) On June 2, 2010, State Farm sent Lamb a request for admissions asking her to admit that the amount in controversy exceeded $75,000. (Doc. 1-4 at 2.) On June 18, 2010, Lamb sent State Farm a second demand letter requesting the policy limit of $100,000, with further documentation of her damages enclosed. (Doc. 1-5.) After receiving Lamb's demand letter and failing to receive a response to its request for admissions, State Farm filed a Notice of Removal on July 19, 2010. (Doc. 1 at 3.) Lamb filed a motion to remand on July 22, 2010, claiming that State Farm's notice was untimely. (Doc. 10.)

## II. DISCUSSION

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." Roe v. Michelin N. Am., 613 F.3d 1058 (11th Cir. 2010). This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). The sufficiency of the amount in controversy is determined at the time of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

Because this case was not originally removable due to a lack of diversity, the second paragraph of 28 U.S.C. § 1446(b) governs the procedures for removal. Under this provision:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

The time period for removal is triggered only by documents that "clearly establish[] federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) (citing Bosky v. Kroger Tex., L.P., 288 F.3d 208, 211 (5th Cir. 2002)); accord Pretka, 608 F.3d at 760, 763; Wilson v. Target Corp., No. 10-80451-CIV, 2010 WL 3632794, at *2 (S.D. Fla. 2010). As the Fifth Circuit explained in Bosky, requiring such proof before starting the clock on a defendant's time to remove "promotes judicial economy. It should reduce 'protective' removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence . . . . In short, a bright-line rule should create a fairer environment for plaintiffs and defendants." 288 F.3d at 211 (footnote omitted).

Lamb contends the case became removable on May 4, 2010, when State Farm received the order dismissing defendant Clark thus creating diversity of citizenship. Lamb argues that State Farm had already received documentation, in the form of her pre-suit demand letter, indicating that the amount in controversy exceeded $75,000. Lamb thus contends that State Farm's notice of removal, filed on July 19, 2010, was not filed within the thirty-day period prescribed by the second paragraph of Section 1446(b).

State Farm, however, contends the case was not removable until it received Lamb's June 18, 2010, post-suit demand letter. According to State Farm, the pre-suit demand letter was insufficient to demonstrate the amount in controversy because its demand was "mere puffery" rather than a reasonable assessment of the value of the case.  (Doc. 12.)

Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction.[1]  Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quotations omitted); see also, e.g., Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360 (M.D. Fla. 1998) ("Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages."); Standridge v. Wal-Mart Stores, 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that a pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

Lamb's pre-suit demand that State Farm pay the limit of her policy did not clearly

---

[1] Some courts within this district have found that pre-suit demand letters are not "other paper from which it may first be ascertained" that jurisdiction exists under the second paragraph of Section 1446(b). See, e.g., Saberton v. Sears Roebuck and Co., 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005). The reasoning of such cases, however, is inapplicable because the pre-suit settlement offer in this case is not being considered as "other paper from which [jurisdiction] may first be ascertained" under the second paragraph of Section 1446(b). Instead, the state court's order dismissing defendant Clark was the document from which Lamb contends that State Farm could first ascertain that jurisdiction existed.  This Court thus need not address whether pre-suit demand letters constitute "other paper" within the meaning of the second paragraph of Section 1446(b).

establish that the amount in controversy exceeded $75,000.  Lamb's demand reflects mere posturing rather than a reasonable assessment of the value of her claim.  The demand letter fails to explain how Lamb arrived at her damages calculation, and the documents included with the demand letter do not indicate the exact nature of her medical needs or detail specific medical expenses that would support Lamb's demand.  (Docs. 12-1, 12-2, 12-3.)  The 30-day time frame in which State Farm could file its notice of removal thus did not begin to run on May 4, 2010, when diversity of citizenship first arose; instead, the earliest it would have begun to run was June 18, 2010, the date of Lamb's second and more detailed demand letter.

Although not addressed by the parties, this Court must also determine whether there is sufficient amount in controversy.[2]  "[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).  A "plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy."  Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (quotation omitted).

State Farm has demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.  Lamb's June 18, 2010, demand letter, which again asked State Farm to pay $100,000 on Lamb's claim, contains additional

---

[2] There is no question that the parties are diverse.

documentation of her injuries and expenses.  Moreover, Lamb's failure to respond to State Farm's request for an admission that the amount in controversy exceeds $75,000 strongly indicates that, unlike the pre-suit demand letter, the June 18, 2010 letter represented a reasonable assessment of the value of her claim.  See Devore, 658 F. Supp. 2d at 1380-81. This Court therefore has jurisdiction over this case pursuant to 28 U.S.C. § 1441, and defendant's Notice of Removal, filed within 30 days of its receipt of Lamb's June 18, 2010 demand letter, was timely.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion for Remand (Doc. 10) is **DENIED**.

The parties' Case Management and Scheduling Order will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js.

Copies:

counsel of record